5ws179
148  526

## Detwiler *against* Casselberry.

If the petition of an insolvent for discharge be rejected because he had made the accompanying affidavit before the prothonotary, who had no power to administer the oath, and he is immediately surrendered to jail, the condition of his bond to take the benefit of the Act is forfeited.

ERROR to the Common Pleas of *Montgomery* county, where an action of debt was brought by J. & W. Detwiler against Richard Casselberry and William Anslee, on a bond given by them conditioned that Casselberry should take the benefit of the Insolvent Act. The following facts were agreed upon by the counsel at the trial, and the court below rendered judgment for the defendants:

On the 21st of April 1840, Richard Casselberry being in custody on a bail-piece, presented his petition to the prothonotary for an order of discharge, to take the benefit of the insolvent laws. On the same day the petitioner gave bail, and the prothonotary granted an order of discharge. At May term 1840, the petitioner presented and filed his final petitition by leave of court, and the 25th of June 1840 was appointed for the hearing, on which day the court dismissed the petition and application for want of a proper affidavit. The affidavit was sworn to before the *prothonotary*. Casselberry was surrendered on the 25th of June, after the court dismissed his petition. William Anslee, his bail, handed him over to the jailer in court, and he took him up to jail. On the 24th of July he was discharged again by an order from the prothonotary, on giving bail to take the benefit of the insolvent laws. After being surrendered by his bail, he applied for the benefit of the bread act, and his boarding was paid. The exception taken to the regularity of the affidavit which the court sustained, was at the instance of the plaintiffs.

[Detwiler v. Casselberry.]

The plaintiffs assigned for error, that the court erred in rendering judgment in favour of the defendants, instead of the plaintiffs, on the facts admitted and proved.

*Mulvany,* for plaintiffs in error.

Casselberry could not discharge his bail by a voluntary surrender, when his petition had been dismissed by the court in consequence of the invalidity of his affidavit; and his second discharge had no effect because it was illegal. The case of *Wolfram* v. *Strickhouser* (1 *Watts & Serg.* 379) decides that the debtor cannot exonerate his bail where, by his own fault, he does not comply with the requisitions of the Insolvent Act; and that principle rules the present case. In *Egbert* v. *Darr,* (3 *Watts & Serg.* 517), the second bond was held illegal, because he had no right to give it whilst in custody, the surrender being void.

*Freedley,* contra.

The distinction is whether the party acts *bonâ fide* or not. A failure by mistake in the proceedings, after presenting his petition to the court at the next term, will not make his bail liable. This is the ground of the cases decided. The case of *Heilner* v. *Bast,* (1 *P. R.* 270), must be taken in connection with the case of *Wolfram* v. *Strickhouser.* In *Heilner* v. *Bast,* it was decided that the bail is not liable when the petition is dismissed by the court on a hearing, or where the proceedings are quashed. The party is then entitled to surrender, to save his bond, and whether the subsequent discharge is legal or not, makes no difference to the bail.

PER CURIAM.—The principle of *Wolfram* v. *Strickhouser* is, that an abuse of the proceeding is a forfeiture of the bond; and negligence which defeats the performance of its condition, is equivalent to fraud. It is not enough to file an abortive petition, and go to jail again after the enjoyment of a period of liberty, without giving the creditor a cession of the debtor's property and a disclosure of his circumstances, which constituted the consideration for it. If surrender to prison were enough to evade the penalty, the debtor might safely enjoy it *toties quoties.* Doubtless no trick was intended in this instance; but the debtor was bound to know that the prothonotary had not power to administer the oath. He might have known it, and that is enough for the principle. The want of a proper oath, therefore, was a forfeiture of the bond.

The judgment of the court below reversed, and judgment here for the plaintiff.